# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHON KINCADE, | ) |
| Plaintiff, | ) |
| v. | ) No.: 19-cv-4195-JBM |
| DEPUTY KINSLEY, | ) |
| Defendant. | ) |

## MERIT REVIEW ORDER

Plaintiff, currently at the East Moline Correctional Center and proceeding *pro se*, pursues an action under 42 U.S.C. § 1983. Plaintiff alleges that he was subjected to excessive force and retaliation by Defendant Deputy Kingsley at the Bureau County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## MATERIAL FACTS

On July 21, 2018, Plaintiff was brought to the Bureau County Jail by Officer Smudzinski of the Spring Valley Police Department. Plaintiff claims that Officer Smudzinski had beaten and brutalized him prior to bringing him to the Jail. Plaintiff believes that the Officer brought him to

the jail in Bureau County, rather than in Spring Valley, in an effort to "cover up" his actions. Officer Smudzinski allegedly told Jail staff that Plaintiff "likes battering officers" and would be charged with aggravated battery. Plaintiff indicates that he has filed a separate action against Spring Valley Police Officer Smudzinski and his partner, Garland.

Plaintiff first interacted with Defendant Deputy Kinsley the following day, July 22, 2018. Plaintiff alleges that between July 22, 2018 and July 27, 2018, Defendant retaliated against Plaintiff and exerted seven discrete acts of excessive force against him. On July 22, 2018 Defendant allegedly placed Plaintiff in a feces-ridden cell without running water, stating "you like beating up officers." Plaintiff claims that he was thirsty and had no access to water. When he complained to Defendant and requested medical assistance due to the alleged beating by the Spring Valley Police Officers, Defendant did not respond. Plaintiff then stood on a concrete bench in the cell, yelling that he would go on a hunger strike, and would tell the judge of the treatment he was receiving. Defendant Kinsley entered the cell where Plaintiff remained standing on the bench with his hand on the light. Defendant pulled Plaintiff's hand from the light, allegedly deliberately causing him to lose his balance and fall.

Defendant thereafter secured Plaintiff, applying excessive traction to his arms, handcuffing him so tightly that the cuffs gouged Plaintiff's skin. Defendant then moved Plaintiff to a booking cell, allegedly twice smashing his head into a steel door, splitting open his eyebrow. Plaintiff was thrown to the floor of the booking cell and believes he had "some kind of seizure," losing consciousness and soiling himself. Plaintiff was thereafter placed in a restraint chair and the straps cinched so tightly, that they dislocated his left wrist. Plaintiff was in the restraint chair three to four hours before being moved to another cell. Plaintiff claims that Jail

staff, not otherwise identified, refused to provide him medical attention. He also claims that he was subjected to unspecified daily verbal harassment by Deputies Holt, Kinsley and Robinson.

Plaintiff alleges that on or about July 27, 2018, Defendant told Plaintiff and his cellmate, Joseph Rey, that they were being taken to the showers. Instead, the two were placed in a cell with "a group of Hispanic males." Plaintiff believes that Defendant did so with the expectation that he would be attacked by these individuals. Plaintiff claims, however, that Mr. Rey intervened on his behalf, and he was not harmed. Plaintiff does not allege any further misconduct by Defendant. On August 10, 2018, Plaintiff was moved to a different cell block, away from Defendant Kinsley. On August 14, 2018, Plaintiff was transferred to the LaSalle County Jail.

As noted, Plaintiff has alleged the use of excessive force and retaliation on the part of Defendant Kinsley. Plaintiff has not asserted a deliberate indifference claim against him, though he has identified several occasions where Defendant allegedly failed to provide necessary medical treatment.

## ANALYSIS

To successfully allege excessive force, Plaintiff must show that the force used against him was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. Here, Plaintiff states enough to support a Fourteenth Amendment claim that Defendant Kinsley used unjustified excessive force against him.

While Plaintiff has not alleged a deliberate indifference claim, his complaint clearly supports that Defendant Kinsley was deliberately indifferent to his serious medical needs. Since Plaintiff is a pretrial detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a detainee need only establish that defendant's conduct was objectively unreasonable, that Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482 at *12. This case shall proceed on the claim that Defendant Kinsley was deliberately indifferent to Plaintiff's serious medical needs.

Plaintiff's allegations are also sufficient to support the retaliation claim. To successfully plead retaliation, Plaintiff must assert that he suffered retaliation for exercising a constitutionally protected right. *Pearson v. Welborn*, 471 F.3d 732, 738 (7th Cir. 2006). Here, Plaintiff asserts that he was retaliated against after he threatened to tell the judge of the mistreatment at the hands of Defendant who believed that Plaintiff was arrested for having battered police officers.

While Plaintiff makes general allegations that he requested medical treatment of Jail staff, he offers no particulars as to this claim. He does not indicate to whom he spoke, when he spoke to them, the medical need he related or his condition at that particular time. Under Fed. R. Civ. P. 8(a), Plaintiff must plead a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). The Seventh Circuit has consistently noted that the

essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 283 F.3d 867, 872 (7th Cir.2002), quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). Plaintiff's complaint is insufficient to allege a deliberate indifference claim against other officers, though he will be given an opportunity to amend.

Plaintiff, similarly, fails to state a claim for being subjected to unspecified daily verbal harassment from Deputies Holt, Kinsley and Robinson. This allegation is unduly vague, as noted above, and, furthermore, fails to state a constitutional claim. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (finding that abusive or "derogatory language", does not violate the Constitution). "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *Id.* at 612.

**IT IS THEREFORE ORDERED:**

1.  This case shall proceed on the claims that Defendant Kinsley retaliated, exerted unjustifiable excessive force and was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff fails to state a deliberate indifference claim against other Jail staff but will be given 30 days in which to file an amended complaint, should he wish to plead such a claim. If Plaintiff repleads, he is to identify the pleading as an Amended Complaint and is to include all of his claims against all Defendants, without reference to a prior pleading. If Plaintiff does not file an amended complaint, this case shall proceed on the deliberate indifference and excessive force claims against Defendant Kinsley. The retaliation claim is DISMISSED with prejudice. Any claims not identified will not be included in the case, except in the Court's discretion upon

motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk is directed to send Defendant, pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

12/17/2019
ENTERED

s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE